UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS RODRIGUEZ, | : |
| Plaintiff, | : Case No. 21-19210 (BRM) (CLW) |
| v. | : OPINION |
| MISS OTTINO, *et al.* | : |
| Defendants. | : |

Plaintiff Luis Rodriguez ("Plaintiff"), an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), has filed his complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 3), Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the Clerk of the Court is directed to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed in its entirety.

**I. BACKGROUND**

Plaintiff is currently confined at the Special Treatment Unit ("STU") in Avenel, New Jersey. He brings this civil rights action, pursuant to 42 U.S.C. § 1983, against defendants ("Defendants") Miss Ottino, "program/coordinator," and Doreen Stanzione, "clinical/director."

(ECF No. 1, at 2.) The following factual allegations are quoted from the Complaint:[1]

> On the 26th day [of] February 2020 [Plaintiff] having been brought before the court in the application 30;4-27,24. et seq and his right of self-representation in [h]is civil commitment. [T]he petition was granted [] the court Honorable Judge Bradford have ordered [Plaintiff] have access to the law library at facilities at the South Unit.
>
> On October 13, 2021 Miss Ottino the coordinator staff member who saw me in the law library, [Plaintiff] was permitted by [Department of Corrections] ["D.O.C."] and it was [D.H.S.][2] who communicated to D.O.C. not to permit [Plaintiff] into the law library. Also D.O.C. explain[ed] [to] [D.H.S.] that [Plaintiff] ha[s] a court order from the judge that [he] [has] access to the law library. After interaction apparently the[re] was an email sen[t] by [D.H.S.] to [D.O.C.] communicating that [Plaintiff] not have access to the law library while he was on tier MAP. [D.H.S.] ha[s] violated the court order[] from the judge.

(ECF No. 1, at 5.) Plaintiff also alleges D.H.S. has violated the court's order granting him access to the law library while he proceeds *pro se* in his civil commitment matter. (*Id.*, at 3.) Plaintiff seeks injunctive relief.

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte

---

[1] The factual allegations are accepted as true for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

[2] While Plaintiff refers to "D.O.H.", it appears from other portions of his Complaint that he is actually referring to the New Jersey Department of Human Services ("D.H.S.").

2

dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

**A. Access to Courts**

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Like prisoners, individuals who are involuntarily committed to mental institutions have the right to access the courts." *Aruanno v. Main*, 467 F. App'x 134, 136 (3d Cir.2012) (per curiam) (citing *Cornett v. Donovan*, 51 F.3d 894, 897-98 (9th Cir. 1995)). Two general categories of denial of access to the courts claims exist: (1) claims that systemic official action frustrates a plaintiff in preparing and filing suits at the present time, where the suits could be pursued once the impediment has been removed; and (2) claims of specific cases that cannot be tried (or tried with all material evidence), no matter what official action may be in the future. *Christopher v. Harbury*, 536 U.S. 403, 412-14 (2002). Regardless of the category, a plaintiff must identify a "nonfrivolous," "arguable" underlying claim and must address the underlying claim by allegations in the complaint sufficient to give fair notice to a defendant. *Id.* at 415–16. In other words, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Tinsley v. Giorla*, 369 F. App'x 378, 381 (3d Cir. 2010) (A pretrial detainee "making an access to courts claim is required to show that the denial of access caused actual injury.")

Under this standard, Plaintiff fails to state a claim upon which relief can be granted.

Petitioner alleges that he is proceeding *pro se* with his civil commitment matter and has a court order granting him access to the law library. It appears that Plaintiff is arguing his imminent "actual injury" is that he is being prevented from having the resources to represent himself in his civil commitment matter. However, the Complaint does not state who is responsible for denying him access to the law library.

Although the Complaint lists Miss Ottino and Doreen Stanzione as Defendants in this matter, there are no allegations raised against these Defendants. There is no further reference to Defendant Stanzoine throughout the Complaint. (*See* ECF No. 1.) Plaintiff's only submission regarding Defendant Ottino is she "saw [him] in the law library." (*Id.*, at 5.) Plaintiff fails to allege how these Defendants are responsible for him being denied access to the law library.

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. Plaintiff fails to allege how the Defendants had any personal involvement in preventing him from accessing the law library. As such, Plaintiff has not provided sufficient facts to state a claim upon which relief can be granted. Plaintiff's claim against Defendants Ottino and Stanzoine is dismissed without prejudice.

### B. Eleventh Amendment Immunity

To be liable within the meaning of § 1983, a defendant must be a "person." *See* 42 U.S.C. § 1983. But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). Indeed, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.* Similarly, governmental entities that are considered "arms of the State" are not considered "persons" under § 1983. *Id.* at 70.

If Petitioner is attempting to raise a claim against D.H.S., that claim fails because D.H.S. is not a "person" under §1983. D.H.S was created by New Jersey statute, is within the executive branch of the New Jersey government, and thus is an "arm of the state." *See* N.J.S.A. 30:1–2. Courts in this District have previously found that DHS is not a "person" subject to liability under §1983. *See Bostrom v. New Jersey Division of Youth and Family Services*, No. 11-1424, 2011 WL 3684817, (D.N.J. Aug. 22, 2011); *see also Estate of Lydia Joy Perry ex rel. Kale v. Sloan*, No. 10–4646, 2011 WL 2148813 (D.N.J. May 31, 2011) (dismissing claims against DHS because the agency is not a "person" under § 1983). Therefore, if Plaintiff is attempting to bring a claim against the D.H.S., that claim is dismissed with prejudice.

## IV. Conclusion

For the reasons stated above, the Complaint is dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint. The Court notes that if Plaintiff does

file an amended complaint, he must name an individual who can provide him the injunctive relief he seeks. An appropriate order follows.

Dated: February 14, 2022

>*/s/ Brian R. Martinotti*  
>**HON. BRIAN R. MARTINOTTI**  
>**UNITED STATES DISTRICT JUDGE**